[No. 60329-4.   En Banc.   March 31, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. JASON LAWRENCE KENYON, *Petitioner*.

*Thomas E. Doyle* and *Robert M. Quillian*, for petitioner.
*Gary P. Burleson, Prosecuting Attorney*, and *Amber L. Finlay, Deputy*, for respondent.

DOLLIVER, J. — Jason L. Kenyon petitioned this court to review the Court of Appeals decision affirming his convictions for vehicular homicide and vehicular assault. The Court of Appeals assumed instruction 10, which permitted the jury to infer Kenyon drove in a reckless manner from the fact that he exceeded the speed limit, was unconstitutional but held the error was harmless. *See State v. Kenyon*, noted at 68 Wn. App. 1065 (1993). In the companion case of *State v. Hanna*, 123 Wn.2d 704, 871 P.2d 135 (1994), we held the constitutionality of an inference must be assessed in

light of the facts adduced at trial. Therefore, although Kenyon challenges the Court of Appeals harmless error analysis, we address whether the facts in this case support the inference to the degree required by due process. Because the record establishes such support, we affirm.

On March 14, 1989, at approximately 7 p.m., Jason Kenyon was driving his 1969 Chevrolet Nova up Hillcrest Street in Shelton, Washington. His friend, Wade R. Jagnow, was in the passenger seat. It was raining, and the road conditions were slippery and wet. The Nova had three different-sized tires. The left rear tire and the right front tire were overinflated. The right rear tire was flat and the tread on the left front tire was at the limit for lawfulness. Kenyon and Jagnow were aware of the flat tire and were driving to a gas station located on Hillcrest.

Steve Holt, an eyewitness, testified that as he was driving downhill on Hillcrest he saw the defendant's Nova coming up the hill "sashaying all over the road", accelerating and then slowing to regain control. Kenyon stated that as he rounded a corner on the hill, his car began fishtailing. He slowed to regain control, but then accelerated again, started to slide, and narrowly missed Holt's truck. Kenyon tried to steer into the spin, but overcompensated, and the car spun out of control and collided with a minivan, occupied by William and Sheila Rogers, which was coming downhill.

The posted speed limit on Hillcrest is 30 m.p.h. Various witnesses estimated Kenyon's speed prior to the accident. Holt estimated Kenyon was traveling between 50 and 60 m.p.h. but later stated he could have been traveling as slow as 43 m.p.h. The State's expert, Trooper Steven M. Davis, estimated Kenyon's speed at 38 to 59 m.p.h. Kenyon's expert, Ed Wells, opined Kenyon was traveling between 43 and 55 m.p.h. At a postaccident interview with the State Patrol, Kenyon estimated he was traveling 50 m.p.h. when he first slid out. At trial, Kenyon stated he was driving 35 to 40 m.p.h.

As a result of the impact, Jagnow was thrown from the Nova and killed. The Rogers both sustained serious injuries, and Kenyon suffered a broken neck.

Kenyon was charged with vehicular homicide and vehicular assault in violation of RCW 46.61.520 and RCW 46.61-.522. To convict on the vehicular homicide charge the jury could find either that Kenyon drove in a reckless manner or that he drove with disregard for the safety of others. The jury had to find Kenyon drove in a reckless manner to convict on the vehicular assault charge. Instruction 10 allowed the jury to infer reckless driving from excess speed.

> A person who drives in excess of the maximum lawful speed at the point of operation may be inferred to have driven in a reckless manner.
>
> This inference is not binding upon you, and it is for you to determine what weight, if any, such inference is to be given.

Instruction 10. *See* WPIC 95.03.

The jury convicted Kenyon on both counts, and the convictions were affirmed on appeal. This court granted Kenyon's petition for review.

■ The issue is whether the inference contained in instruction 10 violated Kenyon's right to due process. In his brief to the Court of Appeals, Kenyon contended instruction 10 violated due process under the state and federal constitutions. Kenyon, however, did not address the six nonexclusive factors set forth in *State v. Gunwall*, 106 Wn.2d 54, 58, 720 P.2d 808, 76 A.L.R.4th 517 (1986) necessary to adequately raise his claim under Const. art. 1, § 3. Therefore, we review the constitutionality of instruction 10 solely under the federal due process clause.

■■ We refer to our discussion in *State v. Hanna, supra,* regarding the standard for reviewing whether inference instructions meet the requirements of due process. As in *Hanna*, the inference in instruction 10 is only part of the prosecution's proof supporting the element of recklessness. *See County Court of Ulster Cy. v. Allen*, 442 U.S. 140, 165, 167, 60 L. Ed. 2d 777, 99 S. Ct. 2213 (1979). The State introduced evidence of Kenyon's driving, the condition of the

Nova, and the road conditions, all of which supported the element of recklessness.

In addition, the jury charge, read as a whole, instructed the jury to consider and weigh all the evidence before determining whether Kenyon drove in a reckless manner. Instruction 1 states: "In determining whether any proposition has been proved, you should consider all the evidence introduced by all parties bearing on the question." Instruction 6 lists the elements of vehicular homicide and instructs the jury to "weigh[ ] all of the evidence" before determining whether any element has been proved beyond a reasonable doubt. A similar instruction was given for vehicular assault. See instruction 12. In addition, the court instructed the jury to "consider the instructions as a whole and . . . not place undue emphasis on any particular instruction or part thereof." Instruction 1.

Based on the instructions and the evidence of recklessness, we review the constitutionality of the inference under the "more likely than not" standard. See *Ulster*, 442 U.S. at 165-67. Under that standard, we find the elemental fact of reckless driving more likely than not flows from Kenyon's speed in light of the particular facts presented to the jury. See *Ulster*, 442 U.S. at 162-63.

The State introduced evidence that Kenyon was traveling between 43 and 60 m.p.h. at night on a slippery, wet road surface in a 30 m.p.h. zone with a flat tire and two overinflated tires. There was eyewitness testimony that Kenyon lost control of the Nova, slowed down to regain control, and then accelerated again before colliding with the Rogers' minivan. Steven Holt testified the Nova was "sashaying all over the road".

Given the evidence presented regarding Kenyon's speed, the road conditions, the condition of the Nova's tires, and Kenyon's erratic accelerations and decelerations, we find with substantial assurance that the elemental fact of reckless driving more likely than not flowed from the proved fact of Kenyon's excessive speed. See *Ulster*, 442 U.S. at 166 n.28.

We hold instruction 10 is constitutional under the facts and instructions presented to the jury in this case. Thus, we need not reach Kenyon's challenge to the Court of Appeals harmless error analysis.

ANDERSEN, C.J., and BRACHTENBACH, DURHAM, SMITH, and MADSEN, JJ., concur.

JOHNSON, J. (dissenting) — For the reasons expressed in the dissenting opinion in *State v. Hanna*, 123 Wn.2d 704, 871 P.2d 135 (1994) (Johnson, J., dissenting), I disagree with the majority's holding regarding the constitutionality of jury instruction 10. Therefore, I dissent.

UTTER and GUY, JJ., concur with JOHNSON, J.